**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD SWINTEK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-03079 |
| | ) | |
| vs. | ) | Honorable Sharon Johnson Coleman |
| | ) | |
| THOMAS J. DART, in his official capacity | ) | |
| as Sheriff of Cook County; THE COOK | ) | |
| COUNTY SHERIFF'S MERIT BOARD; and | ) | |
| COOK COUNTY, ILLINOIS, as indemnitor, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS DART AND COOK COUNTY'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, THOMAS J. DART, in his official capacity as Sheriff of Cook County and COOK COUNTY, ILLINOIS (collectively, "Defendants"[1]), by and through their attorneys MARTIN P. GREENE and GISELLE B. MAY of ZUBER LAWLER LLP, state as follows in answer to Plaintiff's Second Amended Complaint:

**JURISDICTION AND VENUE**

1.     This Court has original and general jurisdiction over all claims raised herein under the Illinois' Constitution, Article VI, Section 9.

**ANSWER: Defendants admit that Plaintiff's original Complaint was filed in the Circuit Court of Cook County, which had original and general jurisdiction over the claims raised in Plaintiff's original Complaint under the Illinois Constitution, Article VI, Section 9. Answering further, this action has since been removed and is properly before the instant Court.**

---

[1] Co-Defendant the Cook County Sheriff's Merit Board (hereinafter the "Board") is represented by separate counsel, who will respond separately to the allegations against the Board. The answers presented herein on behalf of "Defendants" are only on behalf of Defendants Thomas J. Dart, in his official capacity as Sheriff of Cook County, and Cook County, Illinois.

2.    This Court has jurisdiction over Count I pursuant to Illinois' Administrative Review Law ("ARL"), 735 ILCS 5/3-101, *et seq.*

**ANSWER: Defendants Dart and Cook County admit that Plaintiff's original Complaint was filed in the Circuit Court of Cook County, which had jurisdiction over Count I pursuant to Illinois' Administrative Review Law ("ARL"), 735 ILCS 5/3-101, *et seq.* Answering further, this action has since been removed and is properly before the instant Court.**

3.    This Court has jurisdiction over Count II as a court of original and general jurisdiction and pursuant to 42 U.S.C. §1983. This Court has jurisdiction and authority to award attorney's fees pursuant to 42 U.S.C. §1988. This Court has jurisdiction over Count III pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

**ANSWER: Defendants admit the allegations in Paragraph 3.**

4.    Venue is proper in this Court because Defendants have their principal places of operation in Cook County, Illinois, and the acts and omissions giving rise to Plaintiff's claims have occurred in Cook County, Illinois.

**ANSWER: Defendants admit  venue is proper but deny the "acts and omissions" occurred as alleged. Answering further, this matter was removed and is properly before the instant Court, wherein venue is proper under 28. U.S.C. § 1391.**

**PARTIES**

5.    Plaintiff Ronald Swintek is a legal adult, a resident of Cook County, Illinois and has been at all times relevant a Cook County Sheriff's Correctional Officer. He is the Correctional Officer named in the Board's decision attached hereto Exhibit A and incorporated by reference herein.

**ANSWER: Defendants admit Plaintiff is over the age of 21 years old and the Correctional Officer named in Exhibit A to Plaintiff's Second Amended Complaint. Defendants lack sufficient knowledge or information to form a belief as to the veracity of the remainder of the allegations in Paragraph 5.**

6.     The Cook County Sheriff's Merit Board ("Board") is an administrative agency within the meaning of 735 ILCS §5/3-101, and is created and empowered pursuant to the Act, 55 ILCS §5/3-7001, *et seq.*  It is sued for purposes of the ARL and First Amendment counts.

**<u>ANSWER</u>: Defendants admit the allegations in Paragraph 6.**

7.     At all times relevant, Defendant Board was acting under color of law.

**<u>ANSWER</u>: Defendants admit the allegations in Paragraph 7.**

8.     Defendant Board is a final policymaker as to disciplinary decisions and outcomes at the Cook County Sheriff's Office pursuant to the Cook County Sheriff's Merit Board Act, 55 ILCS §5/3-7012, *et seq.*, which provides that it is the Board that determines disciplinary decisions in specific cases such as Plaintiff's

**<u>ANSWER</u>: Defendants admit the allegations in Paragraph 8.**

9.     Defendant Thomas J. Dart ("Dart" or "Sheriff") is a legal adult and a resident of Cook County, Illinois. Defendant Dart was a party of record in the administrative proceedings before the Board seeking Plaintiff's termination and is a necessary party to these proceedings pursuant to the ARL. Defendant Dart is sued in his official capacity pursuant to Count I only.

**<u>ANSWER</u>: Defendants admit Plaintiff sues Defendant Thomas J. Dart in his official capacity only, rendering any personal allegations against him irrelevant. Defendants admit the remaining allegations in Paragraph 9.**

10.     Defendant Cook County, Illinois is a unit of local government with indemnification responsibilities pursuant to the Illinois' Tort Immunity Act. It is named solely in its capacity as indemnitor of the other Defendants.

**<u>ANSWER</u>: Defendants admit the allegations in Paragraph 10.**

## ADMINISTRATIVE PREREQUISITES

11.     Plaintiff has satisfied all administrative prerequisites to bring the ADA claim.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 11.**

12.     Plaintiff filed a Charge of Disability Discrimination with the EEOC on May 10, 2021 relating to his termination by the Merit Board and carrying out of the termination order by the Sheriff over his failure to immediately provide sweeping medical records not narrowly-tailored to his workplace injury.

**ANSWER: Defendants admit that Plaintiff filed a Charge of Discrimination with the EEOC on May 10, 2021 based on an allegation of discrimination based on disability. Defendants deny the remainder of the allegations in Paragraph 12.**

13.     Plaintiff received a right-to-sue letter from the EEOC and the Department of Justice on his Charge of Discrimination on May 21, 2021.

**ANSWER: Defendants admit that Exhibit B to Plaintiff's Second Amended Complaint, which purports to be a copy of a "Notice of Right to Sue Within 90 Days" letter from the U.S. Department of Justice, Civil Rights Division addressed to Plaintiff, is dated May 21, 2021. Defendants lack sufficient knowledge or information to form a belief as to the veracity of the remainder of the allegations in Paragraph 13.**

14.     A true and accurate copy of the Charge and right-to-sue letter is attached hereto as Exhibit B.

**ANSWER: Defendants admit that Exhibit B to Plaintiff's Second Amended Complaint purports to be a true and accurate copy of a "Notice of Right to Sue Within 90 Days" letter from the U.S. Department of Justice, Civil Rights Division addressed to Plaintiff. Answering further, Defendants admit that the document attached as Exhibit B speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the veracity of the remainder of the allegations in Paragraph 14.**

15.     The right-to-sue letter confirms that the EEOC and the Department of Justice will not be able to investigate and conciliate the Charge within 180 days of the date the EEOC assumed jurisdiction over the Charge. See Exhibit B.

**ANSWER: Defendants admit that Exhibit B purports to be a copy of the document alleged in Paragraph 14, and that as such it is a document which speaks for itself.**

16.     The ADA count is timely brought within 90 days of the issuance of the right-to-sue letter.

**ANSWER: Defendants admit Plaintiff purports to have been issued a "Notice of Right to Sue Within 90 Days" letter from the U.S. Department of Justice, Civil Rights Division on or about May 21, 2021. Answering further, Defendants admit Plaintiff filed his First Amended Complaint, for the first time alleging a violation of the Americans with Disabilities Act, on May 10, 2021, and that Plaintiff filed his Second Amended Complaint attaching the right-to-sue notice on June 4, 2021.**

### COUNT I

**Administrative Review of the Board's Decision
Under Illinois' Administrative Review Law**
[*Plaintiff v. Defendants Sheriff and Board*]

**A.     The Findings Of Fact Are Against The Manifest Weight/Clearly Erroneous, And Termination Lacks Just And Sufficient Cause**

17.     The BOARD issued its decision (Exhibit A) in this matter on January 21, 2021.

**ANSWER: Defendants admit the allegations in Paragraph 17.**

18.     The decision is an administrative decision within the meaning of the ARL because it affects the legal rights of the Plaintiff by depriving him of pay, benefits, and all privileges and emoluments of his employment with the SHERIFF's employment, and because the decision terminates the proceedings before the BOARD.

**ANSWER: The allegations in paragraph 18 state legal conclusions or points of law, to which no response is necessary. To the extent a response is required, Defendants deny the allegations in Paragraph 18.**

19.     The Rules and Regulations of the BOARD expressly adopt the provisions of the ARL, stating, "[f]iling time for administrative review actions will be calculated from the date of service of the Board's Final Decision, i.e., thirty-five (35) days, pursuant to provisions of the Administrative Review Law." Rules and Regulations of the Board, Article IX(F)(4) (as amended April 19, 2018).

**ANSWER: Defendants admit that Article IX(F)(4) of the Rules and Regulations of the Board, as amended April 19, 2018, states the language cited in Paragraph 19.**

20.     This Complaint in this matter is timely brought within 35 days after service of the decision on Plaintiff.

**ANSWER: Defendants admit that Plaintiff filed his initial Complaint in the instant matter on February 25, 2021, which was within 35 days of the Board's adoption on January 21, 2021 of the decision the Board reached in docket numbers 2134 and 2162, matters wherein Plaintiff was the Respondent.**

21.     All of the factual findings in the decision are contrary to the manifest weight of the evidence, unsupported by clear and convincing evidence, and constitute insufficient cause for the discipline imposed.

**ANSWER: Defendants deny the allegations in Paragraph 21.**

22.     All of the conclusions of law are unsupported by sufficient evidence and/or contrary to law.

**ANSWER: Defendants deny the allegations in Paragraph 22.**

23.     The discipline imposed is based on trivial allegations and is not based upon a substantial shortcoming rendering the continuation of Plaintiff in the service detrimental to the discipline or efficiency of the service.

**ANSWER: Defendants deny the allegations in Paragraph 23.**

**B.     Answer Consisting Of Entire Record And Certification**

24.    The transcript of all proceedings before the Board, exhibits offered and entered into evidence, and the full and complete Board file shall be filed by the Board as part of the record, as well as a certified copy of the entire record of proceedings under review.

**ANSWER: The allegations in Paragraph 24 are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations in paragraph 24.**

WHEREFORE, Plaintiff requests that the Court enter an order reversing the Board's decision in its entirety, and order Plaintiff reinstated and made whole for all losses in connection with such decision, and/or enter instructions that the Board shall order the SHeriff to reinstate Plaintiff and to order him made whole relief for all lost earnings, and that this Court order such other relief as it deems just and proper.

**ANSWER: Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 24, or that Plaintiff is entitled to any relief for any of the actions alleged by Plaintiff.**

## COUNT II

**First Amendment Speech Deprivation
Pursuant to 42 U.S.C. §1983**
[*Plaintiff v. Defendant Board*]

25.    Plaintiff re-alleges, restates, and incorporates by referenced in this Count II Paragraphs 1 through 10 of this SAC as to Jurisdiction and Venue and Parties.

**ANSWER: Defendants restate and incorporate their answers to Paragraphs 1 through 10 of Plaintiff's Second Amended Complaint as if fully set forth herein.**

26. Defendant Board at all times relevant, by express act, deprived Plaintiff of his First Amendment right to free speech by terminating him in its final decision of January 21, 2021.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 26.**

27. Plaintiff raised his First Amendment defenses at the Board, which declined to even address them in its decision.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 27.**

28. Defendant Board, at all times relevant, is and has been a final policymaker as to disciplinary matters, including terminations, as a matter of the Cook County Sheriff's Merit Board Act, 55 ILCS §5/3-7012, *et seq.*, which lodges responsibility for terminations within the exclusive power and province of the Board.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants admit the allegations in Paragraph 28.**

29. The First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *First Amendment, United States Constitution.*

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel.**

**Answering further, the allegations in Paragraph 29 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 29.**

30.     "To prove a First Amendment retaliation claim, a public employee establish

three elements: first, that she engaged in constitutionally protected speech; second, that

she suffered a deprivation likely to deter protected speech; and third, that her protected

speech was a motivating factor in the deprivation and ultimately, if the public employer

cannot show it would have inflicted the deprivation anyway, its but-for cause."

*Harnishfeger v. United States*, 943 F.3d 1105, 1112-1113 (7th Cir. 2019).

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is resented by separate counsel. Answering further, the allegations in Paragraph 30 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 30.**

31.     Under *United States v. National Treasury Employees Union*, 513 U.S. 454

(1995) ("*NTEU*"), where employee speech is neither at work nor about work, the

employee need not follow *Garcetti v. Ceballos* and *Connick v. Myers* and prove that he

spoke as a citizen rather than as an employee, or that she spoke on a matter of public

concern as opposed to a matter of purely private interest. *See Harnishfeger*, 943 F.3d

1105 at 1113.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. Answering further, the allegations in Paragraph 31 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 31.**

32.     Instead, in this judicial district, the employee must merely meet the basic

elements of a First Amendment retaliation claim, and satisfy the balancing test under

*Pickering v. Board of Education*, 391 U.S. 563 (1968). The *Pickering* test requires an employee to prevail in the balance of employee and employer interests in order for speech to be protected. *Id.*"

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. Answering further, the allegations in Paragraph 32 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 32.**

33.    In this case, the Plaintiff meets every element of a First Amendment retaliation claim.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. Answering further, the allegations in Paragraph 33 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 33.**

34.    Plaintiff was recommended for termination by Sheriff Dart, who signed and filed written charges with the Cook County Sheriff's Merit Board seeking his termination as a Cook County Correctional Officer in Merit Board Case Number 2134 on and about August 1, 2018.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants admit the allegations in Paragraph 34.**

35.    After a hearing, Board terminated Plaintiff from his Cook County Correctional Officer position effective January 21, 2021, depriving him of his position, salary, benefits, health insurance and all other terms and emoluments of his employment in such position.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants admit only that Plaintiff was terminated from his position as a Correctional Officer on effective date January 21, 2021.**

36.     Plaintiff's termination as a Cook County Correctional Officer constitutes a deprivation likely to deter First Amendment protected speech.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 36.**

37.     It was also Plaintiff's speech that was the but-for cause of his termination from the Cook County Sheriff's Office based upon the express letter of the Board's decision attached hereto as Exhibit A, which terminated him based on his statements made on Facebook hereafter detailed.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 37.**

38.     The only other allegation in the Board's decision used to support discharge, *to wit*, that he failed to sign a medical release immediately on request, as opposed to after speaking with an attorney, are unlawful reasons to support a termination as a matter of the Americans with Disabilities Act.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 38.**

39.   Plaintiff's specific statements for which he was terminated are laid out in

Exhibit A specifically, and are restated here as follows:[2]

a.   "When are people going to understand Moslems are not part of America. (sic) They do not want to be part of America their only goal is to destroy and conquer America. And the only reasons that is it (sic) because we will not bow down to Ali Baba and his pedophile Mohammed." (Posted August 11, 2016);

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, on information and belief Defendants admit the language quoted in Paragraph 39 subpart a is a statement that is noted in Exhibit A to Plaintiff's Second Amended Complaint as having been posted by Plaintiff to his Facebook account under the moniker "Ivan Stalin."**

b.   "I swear to God I will never bend to my knees for Allah. Or (sic) his bitch Mohammed." (Posted September 11, 2016);

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, on information and belief Defendants admit the language quoted in Paragraph 39 subpart b is a statement that is noted in Exhibit A to Plaintiff's Second Amended Complaint as having been posted by Plaintiff to his Facebook account under the moniker "Ivan Stalin."**

c.   "God bless Israel. Maybe (sic) they continue to kill muslims this worlds (sic) real enemy." (Posted September 17, 2016);

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is**

---

[2] Plaintiff's counsel notes his strong disagreement with Plaintiff about the content and viewpoints expressed in these statements; however, is reminded of the ACLU's former defense of the Westboro Baptist Church's protests, stating in one article, "The First Amendment really was designed to protect a debate at the fringes. You don't need the courts to protect speech that everybody agrees with, because that speech will be tolerated. You need a First Amendment to protect speech that people regard as intolerable or outrageous or offensive-because that is when the majority will wield its power to censor or suppress, and we have a First Amendment to prevent the government from doing that." See *https://www.aclu.org/blog/free-speech/rights-protesters/protecting-outrageous-offensive-speech* (accessed May 7, 2021). So too "I disapprove of what you say, but I will defend to the death your right to say it." See *https://www.gainesville.com/article/LK/20050402/News/604157170/GS* (accessed May 7, 2021).
**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. Answering further, the allegations in footnote 1 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in footnote 1.**

required, on information and belief Defendants admit the language quoted in Paragraph 39 subpart c is a statement that is noted in Exhibit A to Plaintiff's Second Amended Complaint as having been posted by Plaintiff to his Facebook account under the moniker "Ivan Stalin."

     d.    "Ronald Swintek for president write my name in." (Posted November 2, 2016); and

**ANSWER:** The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, on information and belief Defendants admit the language quoted in Paragraph 39 subpart d is a statement that is noted in Exhibit A to Plaintiff's Second Amended Complaint as having been posted by Plaintiff to his Facebook account under the moniker "Ivan Stalin."

     e.    "Thank God we have a president that is worried about American. (sic) And Americans. (sic) That Will fight to protect us from filthy Muslims." (Posted January 28, 2017).

**ANSWER:** The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, on information and belief Defendants admit the language quoted in Paragraph 39 subpart e is a statement that is noted in Exhibit A to Plaintiff's Second Amended Complaint as having been posted by Plaintiff to his Facebook account under the moniker "Ivan Stalin."

    40.    Plaintiff's above-noted statements were all made off-duty.

**ANSWER:** The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 40.

    41.    Plaintiff's above-noted statements were all made from a Facebook account with the pseudonym "Ivan Stalin," that did not identify Plaintiff by name or that he was employed by the Cook County Sheriff's Office, with the single exception of the above-noted post stating "Ronald Swintek for president write my name in."

**ANSWER:** The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As

such, no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 41.

42.     Plaintiff's above-noted statements were purely private statements on matters of political and religious interest to Plaintiff, and intended as commentary on newsworthy events in the Middle East, ranging from ISIS, to Islam, to Christianity, to American-Israeli relations.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants To the extent a response is required, Defendants deny the allegations in Paragraph 42.**

43.     While not evident from the face of Exhibit A, Plaintiff made the above-noted posts while sharing articles he read on the internet about activities of ISIS in the Middle East, for example, destroying Christian artifacts, attacking and killing Christians, attacking the Christian religion, and like articles.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 43.**

44.     Plaintiff posted that above statements for a network of Facebook "friends," and were intended as commentary on the articles and news media he had seen to the public audience of Plaintiff's Facebook "friends" group.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 44.**

45.     Plaintiff has been employed as a Cook County Correctional Officer since April 26, 1993 and has never been disciplined, written up, counseled, or otherwise had

any concerns raised about his treatment of detainees, discriminatory behavior, or using improper language in the workplace.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. Answering further, the allegations in Paragraph 49 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants admit Plaintiff has been employed as a Correctional Officer with Cook County Sheriff's Office since April 26, 1993. Defendants deny the remainder of the allegations in Paragraph 45.**

46.     The foregoing speech is all on matters of public concern because it may be fairly considered as relating to any matter of political, social, or other concern to the community and because it involves subjects of general interest and of value and concern to the public. *Snyder v. Phelps*, 562 U.S. 443 (2011). "A statement's arguably 'inappropriate or controversial character …is irrelevant to the question whether it deals with a matter of public concern.'" *Id.* (quoting *Rankin v. McPherson*, 483 U.S. 378, 387 (1987)).

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. Answering further, the allegations in Paragraph 46 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 46.**

47.     While Plaintiff is not required to show that his speech related to matters of public concern as a matter of *Harnishfeger* and *NTEU* (*supra*), the above-noted speech does involve matters of public concern because it relates to matters of political, social, and religious concern such as American-Israeli relations, ISIS' attacks on Christians and Christian symbolism in the Middle East, stories and narrative surrounding religious

prophets, American security, Islamic extremism, American extremism, and religious opinions.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. Answering further, the allegations in Paragraph 47 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 47.**

48.     Indeed, in response to some of Plaintiff's posts, some of his Facebook friends actually commented, indicating that Plaintiff's posts generated thought and discussion about the issues on which he posted.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 48.**

49.     "[S]peech cannot be restricted simply because it is upsetting or arouses contempt. If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Id.* at 458 (quoting *Texas v. Johnson*, 491 U.S. 397, 414 (1989) (internal quotations omitted)).

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. Answering further, the allegations in Paragraph 49 state legal conclusions or points of law, to which no response is necessary. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 49.**

50.     The Defendants have no interest in policing Plaintiff's speech that outweighs Plaintiff's right to unfettered free speech, especially in the specific facts of this case where the following facts are true:

      a.     Plaintiff's speech was all off duty;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart a.**

      b.     Plaintiff's speech was made under a pseudonym;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart b.**

      c.     Plaintiff's speech all related to matters of political, social, and religious matter as detailed above;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart c.**

      d.     Plaintiff's speech generated some response from his immediate Facebook friends, showing it was part of the free marketplace of expression;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart d.**

      e.     There was no connection whatsoever between the specific statements made and Plaintiff's workplace;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart e.**

      f.     Plaintiff was acting as a purely private citizen, in his own space, on his own time, when he made these statements;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart f.**

g.  The statements were generally accompanied by news media stories on which Plaintiff was providing commentary with his statements;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants lack sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 50, subpart g.**

h.  The Defendant relied on no specific instances of discriminatory, abusive, or improper behavior by Plaintiff in the workplace as part of its decision;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart h.**

i.  Plaintiff did not check his entire right to engage in online discourse at the door simply because he is employed by the Sheriff's Office;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart i.**

j.  The statements themselves, as a matter of content, did not even reference or have anything to do with the Sheriff's Office, Plaintiff's employment, or even law enforcement in America, but were all about the matters noted above;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart j.**

k.  Plaintiff's speech did nothing to impact operations of the Sheriff's Office;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart k.**

l.  Nothing about the speech impairs Plaintiff's ability to do his job;

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As**

such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart l.

m.      Plaintiff's speech was directed at a general audience of his Facebook friends; and

**ANSWER**: **The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart m.**

n.      Plaintiff did nothing to deliberately link the content of his statements and the messages to the Sheriff's Office, its mission, purpose, or image, and Plaintiff's statements not only had nothing to do with the Sheriff, but did not even reference the Sheriff's Office or his employment by expression or implication.

**ANSWER**: **The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 50, subpart n.**

51.      Defendants presented no evidence, and never articulated, any justifications for Plaintiff's termination beyond that he violated policy, and speculation is not allowed. See *Harnishfeger*, 943 F.3d 1105, 1116 (7th Cir. 2019) ("*Pickering* balancing is not an exercise in judicial speculation… First Amendment rights cannot be trampled based on hypothetical concerns that a governmental employer never expressed." (internal citations and quotations omitted)).

**ANSWER**: **The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 51.**

52.      Plaintiff has suffered damages as a result of the Board's deprivation of his position, including loss of his job, loss of pay, loss of benefits, loss of health insurance, and loss of all other benefits and emoluments of employment.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 52.**

53.    Plaintiff has suffered anguish, embarrassment, humiliation and embarrassment as a result of the Board's deprivation.

**ANSWER: The allegations in Count II of Plaintiff's Second Amended Complaint are directed to Co-Defendant Board, which is represented by separate counsel. As such, no response is required from Defendants. To the extent a response is required, Defendants deny the allegations in Paragraph 53.**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, and enter and order the following relief: reinstatement, back pay, back benefits, compensatory damages in an amount to exceed $300,000, and all other available legal and equitable relief, plus costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

**ANSWER: Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 53, or that Plaintiff is entitled to any relief for any of the actions alleged by Plaintiff.**

### COUNT III

**Americans with Disabilities Act**
**Violation as to Disability-Related Inquiries**
[*Plaintiff v. Defendants Sheriff and Board*]

54.    Plaintiff re-alleges, restates, and incorporates by referenced in this Count III Paragraphs 1 through 16 of this SAC as to Jurisdiction and Venue and Parties and Administrative Prerequisites.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

55.     At all times relevant, Defendant Sheriff has been a person engaged in an industry affecting commerce with 15 or more employees for each working day in each of 20 or more calendar weeks in the preceding and current years and, therefore, is an employer within the meaning of the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. § 12111(5).

**ANSWER**: **Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

56.     At all times relevant, Plaintiff has been an employee within the meaning of the ADA.

**ANSWER**: **Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

57.     The ADA provides that "A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature and severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." *See* 42 U.S.C. 12112(d)(4)(A).

**ANSWER**: **Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

58.     Plaintiff filed a Charge of Discrimination with the EEOC on May 10, 2021, and received a right-to-sue letter on May 21, 2021. True and accurate copies of the Charge and right-to-sue letter are attached hereto as Exhibit B.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

59.     On or about January 21, 2021, Defendant Board terminated Plaintiff and Defendant Sheriff carried out the Board's order to terminate Plaintiff due to Plaintiff's "delay, in not providing medical records to the Sheriff, at the Sheriff's request…" *See* Exhibit A, p.2.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

60.     The Board was referring to Plaintiff's refusal to immediately sign a broad, sweeping "Authorization for Release of Medical Records" that requested all medical records of Plaintiff, not just those related to his workers' compensation claim.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

61.     The medical release that Plaintiff refused to immediately sign was as follows:



BUREAU OF FINANCE
DEANNA L. ZALAS
DIRECTOR
118 North Clark Street   Room 1072 Chicago, Illinois 60602-1304

TONI PRECKWINKLE
PRESIDENT
Cook County Board
of Commissioners

EARLEAN COLLINS
1st District

ROBERT STEELE
2nd District

JERRY BUTLER
3rd District

STANLEY MOORE
4th District

DEBORAH SIMS
5th District

JOAN PATRICIA MURPHY
6th District

JESUS G. GARCIA
7th District

EDWIN REYES
8th District

PETER N. SILVESTRI
9th District

BRIDGET GAINER
10th District

JOHN P. DALEY
11th District

JOHN A. FRITCHEY
12th District

LARRY SUFFREDIN
13th District

GREGG GOSLIN
14th District

TIMOTHY O. SCHNEIDER
15th District

JEFFREY R. TOBOLSKI
16th District

ELENE ... ... ... ...
17th District

## AUTHORIZATION FOR
## RELEASE OF MEDICAL RECORDS/EMPLOYMENT INFORMATION

To Whom This May Concern:

The undersigned hereby authorizes the disclosure of employment, medical and/or mental records, including history or treatment, or any additional documents which may be in your possession or control to the party indicated below. You are hereby permitted to discuss my status in verbal or written format directly with representatives of Risk Management as needed. I understand that the information to be released may no longer be covered by the privacy rules under HIPPA. A photocopy of this authorization shall be as valid as the original.

This request is subsequent to submission of my claim for workers' compensation benefits. I realize that my employer has a statutory right to information pursuant to provisions of the Illinois Workers' Compensation Act, 820 ILCS305/8(a), or administrative law.

Further disclosure by Risk Management is permissible to facilitate claim processing, providing written notice to the undersigned is given. Authorization remains valid until revoked in writing or until my physician rates my status as maximum medical improvement.

Release Information to:

Department of Risk Management
Cook County Workers' Compensation Division
118 N. Clark Street – Room 1072     *REFUSED TO SIGN*
Chicago, IL 60602-1304          *until Advised by cancel.*

Name:_____

Date of Injury: _____

The undersigned hereby authorizes the release of his/her medical records pertaining to the above date of injury.

_____          _____
Signature of Employee                              Date

$ Fiscal Responsibility ♪ Innovative Leadership, ♪ Transparency & Accountability ☐ Improved Services

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

62. Defendants' requirements that Plaintiff sign such document was neither job-related, nor consistent with business necessity, in that such a sweeping release for all of Plaintiff's medical records was unnecessary to confirm or deny his claim of a work-related injury on or about September 28, 2017.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

63. Plaintiff also did not refuse to sign the release, but refused to sign it until he could consult with legal counsel.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

64. By terminating Plaintiff over the refusal to sign the medical release immediately, Defendants violated Plaintiff's rights under the ADA, which provides that medical-related inquiries must be job-related and consistent with business necessity.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

65.     At no time was the sweeping, broad, and unlimited medical release printed above job- related and consistent with business necessity, and Defendants' violated Plaintiff's rights by firing him for refusing to immediately sign this improperly sweeping and overbroad authorization form.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

66.     As noted in Exhibit A, the Board expressly terminated Plaintiff, and the Sheriff carried out the Board's order, for refusing to immediately sign the above-noted release.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

67.     At no time did Plaintiff have any reason to believe that he would terminated over the failure to immediately produce sweeping medical records on demand, as the entire gist of his Merit Board case was related to the speech-issues and an allegation that he faked the injury, and at no time had any reason whatsoever to believe that he would be fired over a failure to immediately provide medical records.

**ANSWER: Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

68.     Plaintiff's termination over the failure to immediately produce medical records was a complete surprise, as, to his knowledge, no officer has been terminated solely on such basis, it is a completely trivial reason to terminate anyone, and there was no written warning anywhere that Plaintiff could be terminated over not immediately produced medical records encompassing all of his medical issues and not narrowly-tailored to his workplace injury.

**ANSWER**: **Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

69.     Plaintiff has suffered damages as a result of the Board's deprivation of his position, including loss of his job, loss of pay, loss of benefits, loss of health insurance, and loss of all other benefits and emoluments of employment.

**ANSWER**: **Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

70.     Plaintiff has suffered anguish, embarrassment, humiliation and embarrassment as a result of the Board's deprivation.

**ANSWER**: **Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently-filed motion to dismiss. Accordingly, Defendants provide no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendants request leave to amend their Answer to respond to the allegations in Count III.**

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, and enter and order

the following relief: reinstatement, back pay, back benefits, compensatory damages in an amount not to exceed $300,000, and all other available legal and equitable relief, plus costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 12101, *et seq.*

**ANSWER: Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered "WHEREFORE" clause following Paragraph 70, or that Plaintiff is entitled to any relief for any of the actions alleged by Plaintiff.**

## JURY DEMAND

Defendants hereby demand a trial by jury on all claims/issues so triable.

## AFFIRMATIVE DEFENSES

Any allegations neither admitted nor denied are hereby denied. In addition, Defendants assert the following affirmative defenses, and reserve the right to plead additional affirmative defenses according to proof:

1. Plaintiff is time-barred from pursuing any claims based on actions that occurred outside the applicable statutory limitations period.

2. To the extent Plaintiff is found to be entitled to any damages, which Defendants Dart and Cook County expressly deny, Plaintiff's recovery should be reduced or barred to the extent Plaintiff failed to mitigate his damages.

3. Plaintiff may not recover punitive or exemplary damages, to the extent Plaintiff seeks such damages. The Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-102, provides that "a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party." In addition, no public official is liable to pay punitive damages or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or

quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party." *Id.*

4.  The Board's decision to terminate Plaintiff's employment with the Sheriff's Office was not against the manifest weight of the evidence.

5.  The Board's decision to terminate Plaintiff's employment with the Sheriff's Office is supported by the evidence in the Record of Proceedings.

6.  Even assuming Plaintiff's allegations to be true, regarding Plaintiff's claim under the Americans with Disabilities Act, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") does not provide for a private cause of action. *Northwestern Mem. Hosp. v. Vill. of S. Chi. Heights Health & Welfare Fund*, 2004 U.S. Dist. LEXIS 14411 (N.D. Ill. 2004). The HIPAA authorization form given to Plaintiff was proper, and complied with the requirements set forth in 45 C.F.R. 164.508.

7.  Even assuming Plaintiff's allegations to be true, Plaintiff is guilty of comparative fault, negligence, and/or willful and wanton conduct, in excess of fifty percent, which proximately caused his own alleged injuries. Accordingly, Defendants are entitled to a reduction of any damages recovered by Plaintiff to the extent of Plaintiff's own contributory fault, including negligent, intentional, and/or willful and wanton conduct.

**WHEREFORE**, Defendants respectfully request this Honorable Court strike Plaintiff's Second Amended Complaint, enter judgment in their favor and against Plaintiff, including for costs incurred in defending this suit, an enter any other relief that this Court deems just and proper.

Dated: August 25, 2021

Respectfully submitted,

THOMAS J. DART, in his official capacity as Sheriff of Cook County and COOK COUNTY, ILLINOIS, as indemnitor

By:   */s/ Martin P. Greene*
        One of Their Attorneys

Martin P. Greene
mgreene@zuberlawler.com
Giselle B. May
gmay@zuberlawler.com
ZUBER LAWLER LLP
135 South LaSalle, Suite 4250
Chicago, Illinois 60603
(312) 346.1100

*Attorneys for Defendants Thomas J. Dart and Cook County, Illinois*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the above-referenced documents were served on all parties of record on **August 25, 2021** via the Court's CM/ECF system.

*/s/ Martin P. Greene*

Martin P. Greene
mgreene@zuberlawler.com
Giselle B. May
gmay@zuberlawler.com
ZUBER LAWLER LLP
135 S. LaSalle Street, Suite 4250
Chicago, Illinois 60603
312.346.1100