# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD SWINTEK, | ) |
| Plaintiff, | ) No. 1:21-cv-03079 |
| vs. | ) Judge Sharon Johnson Coleman |
| THOMAS J. DART, et al., | ) |
| Defendants. | ) |

## DEFENDANTS MERIT BOARD'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Cook County Sheriff's Merit Board (the "Board" or "Defendant"), by its attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her assistants, Lyle K. Henretty and Miguel E. Larios, pursuant to Fed. R. Civ. P. 8, and for its Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint, the Board pleads as follows:

### JURISDICTION AND VENUE

1. This Court has original and general jurisdiction over all claims raised herein under the Illinois' Constitution, Article VI, Section 9.

**ANSWER:  Admit.**

2. This Court has jurisdiction over Count I pursuant to Illinois' Administrative Review Law ("ARL"), 735 ILCS 5/3-101, *et seq*.

**ANSWER:  Admit.**

3. This Court has jurisdiction over Count II as a court of original and general jurisdiction and pursuant to 42 U.S.C. §1983. This Court has jurisdiction and authority to award attorney's fees pursuant to 42 U.S.C. §1988. This Court has jurisdiction over Count III pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq*.

**ANSWER: Admit.**

4. Venue is proper in this Court because Defendants have their principal places of operation in Cook County, Illinois, and the acts and omissions giving rise to Plaintiff's claims have occurred in Cook County, Illinois.

**ANSWER: Admit.**

## PARTIES

5. Plaintiff Ronald Swintek is a legal adult, a resident of Cook County, Illinois and has been at all times relevant a Cook County Sheriff's Correctional Officer. He is the Correctional Officer named in the Board's decision attached hereto Exhibit A and incorporated by reference herein.

**ANSWER: Defendant admits that Plaintiff is over the age of 21 years old and is the Correctional Officer named in Exhibit A to Plaintiff's Second Amended Complaint, however Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the remainder of the allegations in Paragraph 5.**

6. The Cook County Sheriff's Merit Board ("Board") is an administrative agency within the meaning of 735 ILCS §5/3-101, and is created and empowered

pursuant to the Act, 55 ILCS §5/3-7001, *et seq*. It is sued for purposes of the ARL and First Amendment counts.

**ANSWER:  Admit.**

7.　At all times relevant, Defendant Board was acting under color of law.

**ANSWER:  Admit.**

8.　Defendant Board is a final policymaker as to disciplinary decisions and outcomes at the Cook County Sheriff's Office pursuant to the Cook County Sheriff's Merit Board Act, 55 ILCS §5/3-7012, *et seq.*, which provides that it is the Board that determines disciplinary decisions in specific cases such as Plaintiff's

**ANSWER:  Admit.**

9.　Defendant Thomas J. Dart ("Dart" or "Sheriff") is a legal adult and a resident of Cook County, Illinois. Defendant Dart was a party of record in the administrative proceedings before the Board seeking Plaintiff's termination and is a necessary party to these proceedings pursuant to the ARL. Defendant Dart is sued in his official capacity pursuant to Count I only.

**ANSWER:  Admit.**

10.　Defendant Cook County, Illinois is a unit of local government with indemnification responsibilities pursuant to the Illinois' Tort Immunity Act. It is named solely in its capacity as indemnitor of the other Defendants.

**ANSWER:  Admit.**

# ADMINISTRATIVE PREREQUISITES

11. Plaintiff has satisfied all administrative prerequisites to bring the ADA claim.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 11.**

12. Plaintiff filed a Charge of Disability Discrimination with the EEOC on May 10, 2021 relating to his termination by the Merit Board and carrying out of the termination order by the Sheriff over his failure to immediately provide sweeping medical records not narrowly-tailored to his workplace injury.

**ANSWER: Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC on May 10, 2021, based on an allegation of discrimination based on disability, but denies the remaining allegations in Paragraph 12.**

13. Plaintiff received a right-to-sue letter from the EEOC and the Department of Justice on his Charge of Discrimination on May 21, 2021.

**ANSWER: Defendant admits that Exhibit B to Plaintiff's Second Amended Complaint, which purports to be a copy of a "Notice of Right to Sue Within 90 Days" letter from the U.S. Department of Justice, Civil Rights Division addressed to Plaintiff, is dated May 21, 2021, but lacks sufficient knowledge or information to form a belief as to the veracity of the remaining allegations in Paragraph 13.**

14. A true and accurate copy of the Charge and right-to-sue letter is attached hereto as Exhibit B.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 14.**

15. The right-to-sue letter confirms that the EEOC and the Department of Justice will not be able to investigate and conciliate the Charge within 180 days of the date the EEOC assumed jurisdiction over the Charge. See Exhibit B.

**ANSWER: Admit.**

16. The ADA count is timely brought within 90 days of the issuance of the right-to-sue letter.

**ANSWER: Deny.**

## COUNT I
### Administrative Review of the Board's Decision
### Under Illinois' Administrative Review Law
[*Plaintiff v. Defendants Sheriff and Board*]

**A. The Findings Of Fact Are Against The Manifest Weight/Clearly Erroneous, And Termination Lacks Just And Sufficient Cause**

17. The BOARD issued its decision (Exhibit A) in this matter on January 21, 2021.

**ANSWER: Admit.**

18. The decision is an administrative decision within the meaning of the ARL because it affects the legal rights of the Plaintiff by depriving him of pay, benefits, and all privileges and emoluments of his employment with the SHERIFF's employment, and because the decision terminates the proceedings before the BOARD.

**ANSWER: Deny.**

19. The Rules and Regulations of the BOARD expressly adopt the provisions of the ARL, stating, "[f]iling time for administrative review actions will be calculated from the date of service of the Board's Final Decision, i.e., thirty-five (35) days, pursuant to provisions of the Administrative Review Law." Rules and Regulations of the Board, Article IX(F)(4) (as amended April 19, 2018).

**ANSWER: Admit.**

20. This Complaint in this matter is timely brought within 35 days after service of the decision on Plaintiff.

**ANSWER: Admit.**

21. All of the factual findings in the decision are contrary to the manifest weight of the evidence, unsupported by clear and convincing evidence, and constitute insufficient cause for the discipline imposed.

**ANSWER: Deny.**

22. All of the conclusions of law are unsupported by sufficient evidence and/or contrary to law.

**ANSWER: Deny.**

23. The discipline imposed is based on trivial allegations and is not based upon a substantial shortcoming rendering the continuation of Plaintiff in the service detrimental to the discipline or efficiency of the service.

**ANSWER: Deny.**

**B. Answer Consisting of Entire Record And Certification**

24. The transcript of all proceedings before the Board, exhibits offered and entered into evidence, and the full and complete Board file shall be filed by the Board as part of the record, as well as a certified copy of the entire record of proceedings under review.

**ANSWER: Admit.**

## COUNT II
### First Amendment Speech Deprivation
### Pursuant to 42 U.S.C. §1983
*[Plaintiff v. Defendant Board]*

25. Plaintiff re-alleges, restates, and incorporates by referenced in this Count II Paragraphs 1 through 10 of this SAC as to Jurisdiction and Venue and Parties.

**ANSWER: Defendant restates and re-incorporate its answers to the previous paragraphs as if fully set forth herein.**

26. Defendant Board at all times relevant, by express act, deprived Plaintiff of his First Amendment right to free speech by terminating him in its final decision of January 21, 2021.

**ANSWER: Deny.**

27. Plaintiff raised his First Amendment defenses at the Board, which declined to even address them in its decision.

**ANSWER: Deny.**

28. Defendant Board, at all times relevant, is and has been a final policymaker as to disciplinary matters, including terminations, as a matter of the Cook County Sheriff's Merit Board Act, 55 ILCS §5/3-7012, *et seq.*, which lodges responsibility for terminations within the exclusive power and province of the Board.

**ANSWER: Admit.**

29. The First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." *First Amendment, United States Constitution*.

**ANSWER: Admit.**

30. "To prove a First Amendment retaliation claim, a public employee establish three elements: first, that she engaged in constitutionally protected speech; second, that she suffered a deprivation likely to deter protected speech; and third, that her protected speech was a motivating factor in the deprivation and ultimately, if the public employer cannot show it would have inflicted the deprivation anyway, its but-for cause." *Harnishfeger v. United States*, 943 F.3d 1105, 1112-1113 (7th Cir. 2019).

**ANSWER: Paragraph 30 does not contain any allegations asserted against Defendant, and therefore Defendant denies this paragraph.**

31. Under *United States v. National Treasury Employees Union*, 513 U.S. 454 (1995) ("*NTEU*"), where employee speech is neither at work nor about work, the

employee need not follow *Garcetti v. Ceballos* and *Connick v. Myers* and prove that he spoke as a citizen rather than as an employee, or that she spoke on a matter of public concern as opposed to a matter of purely private interest. *See Harnishfeger*, 943 F.3d 1105 at 1113.

**ANSWER: Paragraph 31 does not contain any allegations asserted against Defendant, and therefore Defendant denies this paragraph.**

32. Instead, in this judicial district, the employee must merely meet the basic elements of a First Amendment retaliation claim, and satisfy the balancing test under *Pickering v. Board of Education*, 391 U.S. 563 (1968). The *Pickering* test requires an employee to prevail in the balance of employee and employer interests in order for speech to be protected. *Id.*"

**ANSWER: Paragraph 32 does not contain any allegations asserted against Defendant, and therefore Defendant denies this paragraph.**

33. In this case, the Plaintiff meets every element of a First Amendment retaliation claim.

**ANSWER: Deny.**

34. Plaintiff was recommended for termination by Sheriff Dart, who signed and filed written charges with the Cook County Sheriff's Merit Board seeking his termination as a Cook County Correctional Officer in Merit Board Case Number 2134 on and about August 1, 2018.

**ANSWER: Admit.**

35. After a hearing, Board terminated Plaintiff from his Cook County Correctional Officer position effective January 21, 2021, depriving him of his position, salary, benefits, health insurance and all other terms and emoluments of his employment in such position.

**ANSWER: Defendant admits that Plaintiff was terminated from his position as a Correctional Officer on effective date January 21, 2021.**

36. Plaintiff's termination as a Cook County Correctional Officer constitutes a deprivation likely to deter First Amendment protected speech.

**ANSWER: Deny.**

37. It was also Plaintiff's speech that was the but-for cause of his termination from the Cook County Sheriff's Office based upon the express letter of the Board's decision attached hereto as Exhibit A, which terminated him based on his statements made on Facebook hereafter detailed.

**ANSWER: Deny.**

38. The only other allegation in the Board's decision used to support discharge, *to wit*, that he failed to sign a medical release immediately on request, as opposed to after speaking with an attorney, are unlawful reasons to support a termination as a matter of the Americans with Disabilities Act.

**ANSWER: Deny.**

39. Plaintiff's specific statements for which he was terminated are laid out in Exhibit A specifically, and are restated here as follows:[1]

a. "When are people going to understand Moslems are not part of America. (sic) They do not want to be part of America their only goal is to destroy and conquer America. And the only reasons that is it (sic) because we will not bow down to Ali Baba and his pedophile Mohammed." (Posted August 11, 2016);

b. "I swear to God I will never bend to my knees for Allah. Or (sic) his bitch Mohammed." (Posted September 11, 2016);

c. "God bless Israel. Maybe (sic) they continue to kill muslims this worlds (sic) real enemy." (Posted September 17, 2016);

d. "Ronald Swintek for president write my name in." (Posted November 2, 2016); and

---

[1] Plaintiff's counsel notes his strong disagreement with Plaintiff about the content and viewpoints expressed in these statements; however, is reminded of the ACLU's former defense of the Westboro Baptist Church's protests, stating in one article, "The First Amendment really was designed to protect a debate at the fringes. You don't need the courts to protect speech that everybody agrees with, because that speech will be tolerated. You need a First Amendment to protect speech that people regard as intolerable or outrageous or offensive-because that is when the majority will wield its power to censor or suppress, and we have a First Amendment to prevent the government from doing that." See *https://www.aclu.org/blog/free-speech/rights-protesters/protecting-outrageous-offensive-speech* (accessed May 7, 2021). So too "I disapprove of what you say, but I will defend to the death your right to say it." See *https://www.gainesville.com/article/LK/20050402/News/604157170/GS* (accessed May 7, 2021).

11

  e. "Thank God we have a president that is worried about American. (sic) And Americans. (sic) That Will fight to protect us from filthy Muslims." (Posted January 28, 2017).

**ANSWER: Deny.**

  40. Plaintiff's above-noted statements were all made off-duty.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 40.**

  41. Plaintiff's above-noted statements were all made from a Facebook account with the pseudonym "Ivan Stalin," that did not identify Plaintiff by name or that he was employed by the Cook County Sheriff's Office, with the single exception of the above-noted post stating "Ronald Swintek for president write my name in."

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 41.**

  42. Plaintiff's above-noted statements were purely private statements on matters of political and religious interest to Plaintiff, and intended as commentary on newsworthy events in the Middle East, ranging from ISIS, to Islam, to Christianity, to American-Israeli relations.

**ANSWER: Deny.**

  43. While not evident from the face of Exhibit A, Plaintiff made the above-noted posts while sharing articles he read on the internet about activities of ISIS in the Middle East, for example, destroying Christian artifacts, attacking and killing Christians, attacking the Christian religion, and like articles.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 43.**

44. Plaintiff posted that above statements for a network of Facebook "friends," and were intended as commentary on the articles and news media he had seen to the public audience of Plaintiff's Facebook "friends" group.

**ANSWER: Defendant lacks sufficient knowledge or information to form a belief as to the veracity of the allegations in Paragraph 44.**

45. Plaintiff has been employed as a Cook County Correctional Officer since April 26, 1993 and has never been disciplined, written up, counseled, or otherwise had any concerns raised about his treatment of detainees, discriminatory behavior, or using improper language in the workplace.

**ANSWER: Defendants admit that Plaintiff has been employed as a Correctional Officer with Cook County Sheriff's Office since April 26, 1993, but deny the remainder of the allegations in Paragraph 45.**

46. The foregoing speech is all on matters of public concern because it may be fairly considered as relating to any matter of political, social, or other concern to the community and because it involves subjects of general interest and of value and concern to the public. *Snyder v. Phelps*, 562 U.S. 443 (2011). "A statement's arguably 'inappropriate or controversial character …is irrelevant to the question whether it deals with a matter of public concern.'" *Id.* (quoting *Rankin v. McPherson*, 483 U.S. 378, 387 (1987)).

**ANSWER: Deny.**

47. While Plaintiff is not required to show that his speech related to matters of public concern as a matter of *Harnishfeger* and *NTEU* (*supra*), the above-noted speech does involve matters of public concern because it relates to matters of political, social, and religious concern such as American-Israeli relations, ISIS' attacks on Christians and Christian symbolism in the Middle East, stories and narrative surrounding religious prophets, American security, Islamic extremism, American extremism, and religious opinions.

**ANSWER: Deny.**

48. Indeed, in response to some of Plaintiff's posts, some of his Facebook friends actually commented, indicating that Plaintiff's posts generated thought and discussion about the issues on which he posted.

**ANSWER: Deny.**

49. "[S]peech cannot be restricted simply because it is upsetting or arouses contempt. If there is a bedrock principle underlying the First Amendment, it is that the government may not prohibit the expression of an idea simply because society finds the idea itself offensive or disagreeable." *Id*. at 458 (quoting *Texas v. Johnson*, 491 U.S. 397, 414 (1989) (internal quotations omitted)).

**ANSWER: Paragraph 49 does not contain any allegations asserted against Defendant, and therefore Defendant denies this paragraph.**

50. The Defendants have no interest in policing Plaintiff's speech that outweighs Plaintiff's right to unfettered free speech, especially in the specific facts of this case where the following facts are true:

a. Plaintiff's speech was all off duty;

b. Plaintiff's speech was made under a pseudonym;

c. Plaintiff's speech all related to matters of political, social, and religious matter as detailed above;

d. Plaintiff's speech generated some response from his immediate Facebook friends, showing it was part of the free marketplace of expression;

e. There was no connection whatsoever between the specific statements made and Plaintiff's workplace;

f. Plaintiff was acting as a purely private citizen, in his own space, on his own time, when he made these statements;

g. The statements were generally accompanied by news media stories on which Plaintiff was providing commentary with his statements;

h. The Defendant relied on no specific instances of discriminatory, abusive, or improper behavior by Plaintiff in the workplace as part of its decision;

i. Plaintiff did not check his entire right to engage in online discourse at the door simply because he is employed by the Sheriff's Office;

j. The statements themselves, as a matter of content, did not even reference or have anything to do with the Sheriff's Office, Plaintiff's employment, or even law enforcement in America, but were all about the matters noted above;

k. Plaintiff's speech did nothing to impact operations of the Sheriff's Office;

l. Nothing about the speech impairs Plaintiff's ability to do his job;

m. Plaintiff's speech was directed at a general audience of his Facebook friends; and

n. Plaintiff did nothing to deliberately link the content of his statements and the messages to the Sheriff's Office, its mission, purpose, or image, and Plaintiff's statements not only had nothing to do with the Sheriff, but did not even reference the Sheriff's Office or his employment by expression or implication.

**ANSWER: Deny.**

51. Defendants presented no evidence, and never articulated, any justifications for Plaintiff's termination beyond that he violated policy, and speculation is not allowed. See *Harnishfeger*, 943 F.3d 1105, 1116 (7th Cir. 2019) ("*Pickering* balancing is not an exercise in judicial speculation… First Amendment rights cannot be trampled based on hypothetical concerns that a governmental employer never expressed." (internal citations and quotations omitted)).

**ANSWER: Deny.**

52. Plaintiff has suffered damages as a result of the Board's deprivation of his position, including loss of his job, loss of pay, loss of benefits, loss of health insurance, and loss of all other benefits and emoluments of employment.

**ANSWER: Deny.**

53. Plaintiff has suffered anguish, embarrassment, humiliation and embarrassment as a result of the Board's deprivation.

**ANSWER:** Deny.

## COUNT III
## Americans with Disabilities Act
## Violation as to Disability-Related Inquiries
[*Plaintiff v. Defendants Sheriff and Board*]

**Count III of Plaintiff's Second Amended Complaint is the subject of a concurrently filed motion to dismiss. Accordingly, Defendant provides no answers to the allegations in Count III of Plaintiff's Second Amended Complaint. If this Court requires answers to allegations that are the subject of a pending motion to dismiss, Defendant requests leave to amend its Answer to respond to the allegations in Count III.**

## **JURY DEMAND**

Defendants hereby demand a trial by jury on all claims/issues so triable.

## AFFIRMATIVE DEFENSES

Defendant Cook County Sheriff's Merit Board, pursuant to Fed. R. Civ. P. 8, asserts the following affirmative defenses, and reserves the right to plead additional affirmative defenses:

1. Plaintiff is time-barred from pursuing any claims based on actions that occurred outside the applicable statutory limitations period.

2. Plaintiff's recovery, if any, should be reduced or barred to the extent Plaintiff failed to mitigate his damages.

3. Plaintiff is barred from recovering punitive or exemplary damages, to the extent Plaintiff seeks such damages.

4. The Board's decision to terminate Plaintiff's employment with the Sheriff's Office was not against the manifest weight of the evidence.

5. The Board's decision to terminate Plaintiff's employment with the Sheriff's Office is supported by the evidence in the Record of Proceedings.

6. The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") does not provide for a private cause of action.

7. Defendants are entitled to a reduction of any damages awarded to Plaintiff to the extent of Plaintiff's own contributory fault, including negligent, intentional, and/or willful and wanton conduct.

**WHEREFORE**, Defendant Cook County Sheriff's Merit Board respectfully requests that this Court enter judgment in its favor, and against Plaintiff, and grant such other relief as this Court deems necessary.

Dated: August 25, 2021

Respectfully submitted,

*/s/ Miguel E. Larios*
Miguel E. Larios
Cook County State's Attorney's Office
Conflicts Counsel Unit
50 W Washington St, Suite 2760
Chicago, Illinois 60602-1305
(312) 690-3543
miguel.larios@cookcountyil.gov

*Counsel for Defendant Cook County Sheriff's Merit Board*