UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD SWINTEK, ) | |
| ) | Case No. 21-cv-3079 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| THOMAS DART, in his official capacity ) | |
| as Sheriff of Cook County, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM OPINION AND ORDER

On June 8, 2021, defendants removed plaintiff Ronald Swintek's second amended complaint from the Circuit Court of Cook County, Illinois, Chancery Court, Case No. 2021 CH 00948. In his second amended complaint, Swintek seeks review of defendant Cook County Sheriff's Merit Board's decision to terminate his employment as a Correctional Officer with the Cook County Sheriff's Office. Swintek also brings a First Amendment retaliation claim and a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Before the Court is defendants' motion to dismiss Swintek's ADA claim brought pursuant to Federal Rule of Procedure 12(b)(6). For the following reasons, the Court grants defendants' partial motion to dismiss.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when

the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). When ruling on a motion to dismiss, courts "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019).

**Background**

On August 1, 2018, the Sheriff's Office filed an internal complaint to the Cook County Sheriff's Merit Board against Swintek based on his conduct that occurred from August 2016 until July 2017. During that time period, Swintek posted numerous disrespectful and inappropriate comments and photographs denigrating the Muslin faith on his Facebook account under the moniker "Ivan Stalin." For example, one comment stated: "When are people going to understand Moslems are not part of America. They do not want to be part of America [and] their only goal is to destroy and conquer America. And the only reason that is [sic] because we will not bow down to Ali Baba and his pedophile Mohammed." On March 25, 2019, the Sheriff's Office filed a second internal complaint against Swintek alleging that he intentionally fell at work on September 28, 2017 after he was notified that the Sheriff's Office of Professional Responsibility was going to interview him. On January 21, 2021, the Board concluded that Swintek's conduct violated the Rules and Regulations and General Orders of the Cook County Sheriff's Office and the Cook County Department of Corrections, and therefore, terminated Swintek's employment.

At issue in this motion is Swintek's allegations that one of the reasons the Board terminated his employment was due to his delay in not providing medical records to the Sheriff's Office as related to the investigation into that March 25, 2019 complaint. More specifically, Swintek initially refused to sign a document called "Authorization for Release of Medical Records Employment Information" related to his workers' compensation claim that he filed in connection with the falling

2

incident on September 28, 2017 because he wanted to talk to his workers' compensation attorney before he signed it. He later signed the release as part of his workers' compensation case. Swintek argues that defendants terminated his employment because he refused to immediately sign this document, and thus violated the ADA.

**Discussion**

Swintek brings his ADA claim under 42 U.S.C. § 12112(d)(4)(A), which states that an employer "shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). "This provision applies to all employees, with or without an actual or perceived disability." *Kurtzhals v. County of Dunn*, 969 F.3d 725, 730 (7th Cir. 2020).

Here, Swintek asserts that defendants' request that he sign the "Authorization for Release of Medical Records Employment Information" was not a job-related business necessity because the release concerned all of his medical records. In support of his argument, Swintek points to the release's language that states: "The undersigned hereby authorizes the disclosure of employment, medical and/or mental records, including history or treatment, or any additional documents which may be in your possession or control to the party indicated below." The release, however, also limited the medical records to the date of the injury underlying Swintek's workers' compensation claim, namely, September 28, 2017. As such, Swintek's argument that the information was too broad is belied by the unequivocal language of the release.

Equally important, on the face of the authorization for release, the records concerning Swintek's September 2017 injury were to be used for a business necessity, namely, to process his worker's compensation claim for his job-related injury. Specifically, under 820 ILCS 305/12, an employer has a statutory right to request an employee's medical examination in the context of a

workers' compensation claim. See *R.D. Masonry, Inc. v. Indus. Comm'n*, 830 N.E.2d 584, 591, 294 Ill.Dec. 172, 179, 215 Ill.2d 397, 406 (Ill. 2005). Moreover, not only does the ADA state, "[n]othing in this chapter alters the standards for determining eligibility for benefits under State worker's compensation laws or under State and Federal disability benefit programs," see 42 U.S.C. § 12201(e), but an EEOC Enforcement Guidance states that the "ADA does not prohibit an employer or its agent from asking disability-related questions or requiring medical examinations that are necessary to ascertain the extent of its workers' compensation liability." EEOC Enforcement Guidance: Workers' Compensation and the ADA, 1996 WL 33161338, at *3; see, e.g., *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of New York & New Jersey*, 283 F.Supp.3d 72, 87 (S.D.N.Y. 2017); *Adair v. City of Muskogee, Okla.*, No. CIV-15-053, 2015 WL 5943641, at *4 (E.D. Okla. Oct. 15, 2015). Based on the ADA's and the Illinois Workers' Compensation Act's statutory language, EEOC guidance, and persuasive case law, the Court concludes that the medical inquiry release defendants asked Swintek to sign was a job-related business necessity in the context of Swintek's workers' compensation claim.

In response, Swintek does not cite any legal authority that requesting an employee to release medical information to assess a workers' compensation claim violates the ADA in general or 42 U.S.C. § 12112(d)(4)(A) in particular. Further, Swintek does not discuss the EEOC Enforcement Guidance or 42 U.S.C. § 12201(e). Without any legal authority substantiating his argument, Swintek ADA claim fails.

On a final note, the Court denies Swintek's request for leave to amend his ADA claim because any amendment would be futile.

**Conclusion**

For these reasons, the Court grants defendants' partial motion to dismiss and dismisses plaintiff's ADA claim from this lawsuit [19].

4


IT IS SO ORDERED.

Date: 1/3/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5

IT IS SO ORDERED.

Date: 1/3/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge